# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**BENNY RILEY**                                                                    **PLAINTIFF**

**v.**                                    **No. 3:16-CV-00286-JTR**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                              **DEFENDANT**

## ORDER AFFIRMING THE COMMISSIONER

Benny Riley ("Riley") applied for social security disability benefits with an alleged disability onset date of December 4, 2013. (R. at 44). After a hearing, the Administrative Law Judge ("ALJ") denied his applications. (R. at 30) The Appeals Council denied Riley's request for review (R. at 3), making the ALJ's decision the final decision of the Commissioner. Riley has requested judicial review.[1]

For the reasons stated below, this Court affirms the ALJ's decision.

## I.     The Commissioner's Decision

The ALJ found that Riley had the severe impairments of degenerative disk disease of the lumbar and cervical spine, antisocial personality disorder, schizoaffective disorder, post-traumatic stress disorder, chronic pain syndrome, and anxiety/depressive disorder. (R. at 20). Based on those impairments, the ALJ concluded Riley had the residual functional capacity ("RFC") to perform sedentary

---

[1]The parties have consented in writing to the jurisdiction of the United States Magistrate Judge.

1

work, except that he: could not climb ropes, ladders, or scaffolds; could only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; could not be exposed to unprotected heights; could only occasionally reach overhead with the right upper extremity; could perform unskilled work with simple, routine, repetitive tasks and supervision that is simple, direct, and concrete; and must work in SVP 1 or 2 jobs that can be learned within 30 days. (R. at 22). This RFC precluded any of Riley's past relevant work. (R. at 28). The ALJ took testimony from a vocational expert ("VE"), who testified that a person with Riley's age, education, work experience, and RFC could perform jobs such as circuit board assembler or toy stuffer. (R. at 29). Thus, the ALJ held that Riley was not disabled. (R. at 30).

## II.    Discussion

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

Riley argues that the ALJ improperly found that his herniated disks were not a severe impairment, failed to properly assess his non-exertional limitations, and erred in assessing his RFC.

### a. Herniated Disks

Riley first argues that: (1) the ALJ improperly found that his herniated disks were not a severe impairment; and (2) his impairments meet or equal listing 1.04. Without question, the medical evidence shows that Riley has herniated disks. (R. at 454–55). The ALJ acknowledged these findings. (R. at 24). Riley does not discuss exactly what additional limitations would have been necessary to account for the herniated disks, and the ALJ found that Riley's degenerative disk disease was a severe impairment. (R. at 20). Riley does not explain how the exertional limitations related to the degenerative disk disease are insufficient to account for the herniated disks, nor can the Court discern such an insufficiency. The Court cannot agree that the herniated disks were unaccounted for.

Additionally, Riley contends that the evidence shows that he meets Listing 1.04. In order to be found disabled under a listing, a claimant must show evidence of impairments that meet all the criteria of the listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). Listing 1.04 requires a claimant to show the following:

Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

While Riley cites to numerous complaints of pain and treatments for his back pain, he does not point to any medical records or testimony that establishes he met the A, B, or C criteria for Listing 1.04. He also fails to connect the medical records that do exist to any of the listing criteria. The Court has thoroughly reviewed the record and can find no evidence of findings supporting Riley's argument that he met Listing 1.04.

### b. Non-Exertional Impairments

Riley next argues that the ALJ did not fully account for his non-exertional impairments and that his mental impairments meet an unspecified listing. Riley relies mainly on the results of a consultative examination during which he exhibited a range of bizarre behaviors such as stealing pillows from the examiner's couch, along with some books and a bottle of Febreeze. (R. at 425–30).

At the outset, it is important to note that Riley did not exhibit any of these behaviors except during this single consultative examination. When asked about his behavior, Riley testified that his medication was not properly adjusted at the time. (R. at 50). In December 2014, Riley presented with appropriate mood, affect, and no psychotic symptoms to his mental health provider. (R. at 498). He presented similarly in October 2015. (R. at 542).

The ALJ found that Riley had moderate difficulties in activities of daily living, social functioning, and maintaining concentration, persistence, or pace. (R. at 21). Riley argues that his limitations in social functioning are actually marked. However, Riley simply lists excerpts from his treatment records, which do not indicate limitations of the severity he claims. Riley has presented no evidence that contradicts the ALJ's findings. The treatment records, as noted above, indicate that Riley's symptoms are controlled well by treatment, and the ALJ accounted for his mental limitations by limiting him to unskilled work. (R. at 22).

### c. Residual Functional Capacity

Finally, Riley contends that his mental impairments prevent him from engaging in sedentary work. This argument is essentially identical to his argument concerning his mental RFC and fails for the same reasons. Riley also maintains that the ALJ's hypothetical question to the VE was inadequate because it did not contain sufficient mental limitations. As the Court finds no error in the ALJ's RFC assessment, it likewise finds that the hypothetical question the ALJ asked adequately reflected the RFC.

### III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court further concludes that the ALJ's decision is not based on legal error.

It is so ordered this 3rd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE